RECEIVED
IN ALEXANDRIA, LA
APR 22 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| ANTHONY PIERRE (D.O.C.#356090) | DOCKET NO. 08-CV-1618; SEC. "P" |
|---|---|
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN LYNN COOPER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the pro se civil rights (42 U.S.C. §1983) complaint of Anthony Pierre, filed on October 29, 2008. Plaintiff's motion to proceed *in forma pauperis* was granted on December 4, 2008. [Doc. #6] Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (DOC); he is incarcerated at Avoyelles Correctional Center (AVC). Plaintiff seeks compensatory and punitive damages for negligence and the denial of due process by the defendants, Warden Lynn Cooper, James LeBlanc, and Blaine Villemarette.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff alleges that, on or about October 11, 2006, he was charged by DOC officials with violating Rule #1, Contraband, as a result of a positive result on a random drug test. On November 13, 2006, 2006, Plaintiff appeared before the disciplinary board, chaired by Lt. Blaine Villemarette. Plaintiff denied ever using

any drugs and requested dismissal because the method of testing used in his case was not an approved method per DOC regulation C-02-007. The chairman denied the request and found Plaintiff guilty. Plaintiff received a change in custody from medium to maximum cell block and twenty-four weeks loss of incentive wages. [Doc. #1, p.3-4]

Plaintiff appealed to the Warden who acknowledged that the method used for the drug test, a "Tox Cup," was not on the approved DOC list. However, the Warden affirmed the decision because the Tox Cup uses the same basic methodology and technology. [Doc. #1, p.4]

Plaintiff alleges that he appealed to the Nineteenth Judicial District Court. The Honorable Rachal P. Morgan determined that the defendants violated Plaintiff's due process rights by using the Tox Cup, as Defendants offered no evidence to support its finding that the Tox Cup is scientifically accurate given that it is not on the list of tests approved for use. It was recommended that the sanctions imposed be reversed and Plaintiff's incentive wages restored.

Thereafter, Plaintiff filed an Administrative Remedy request seeking compensatory damages for violating his due process rights. Plaintiff's request was denied at each level.

## LAW AND ANALYSIS

1. **PLRA**

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds in forma pauperis. 28 U.S.C. § 1915(e)(2)(B)(mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e.

A complaint is frivolous if it lacks an arguable basis in law or fact. See <u>Geiger v. Jowers</u>, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not

3

exist." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995).

## 2. **SANDIN CASE**

Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.* See Sandin v. Conner, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ..., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life." Sandin, 515 U.S. at 484 (internal citations omitted). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. Id. at 487. See also Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995), cert. denied, 516 U.S. 1059 (1996). Plaintiff in the instant case does not allege that the disciplinary action affected the duration of his sentence or that the disciplinary sentence was atypical of the prison environment.

As a result of his disciplinary conviction, Plaintiff was sentenced to the working cell block (change in custody status) and lost incentive wages. It is well-settled that sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).

First, **inmates do not have a protected property or liberty interest in their custodial classifications.** Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir.), cert. denied, 488 U.S. 985 (1988). In Sandin v. Conner, 515 U.S. 472 (1995), the Court found that an inmate did not have a liberty interest protecting him from a thirty-day assignment to segregated confinement because it was not a dramatic departure from the basic conditions of the inmate's confinement. Sandin at 485. In light of Sandin, the Fifth Circuit has held that, absent

5

extraordinary circumstances, placement in administrative segregation housing will never be a ground for a constitutional claim. Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). Plaintiff has not alleged that any aspect of his confinement was an atypical and significant hardship in relation to ordinary prison life.

Second, a loss of incentive wages does not amount to an atypical punishment that presents a significant deprivation implicating due process concerns. See Sneed v. Michaels, 2009 WL 722285 (W.D.La. March 17, 2009); Benjamin v. Leger, 2008 WL 2149870 (M.D.La. May 21, 2008); Joseph v. Dykes, 2008 WL 553193 (E.D.La. February 27, 2008); Brown v. Williams, 124 Fed.Appx. 907 (5th Cir. 2005)(unpublished)(10 days segregation and loss of incentive pay did not amount to atypical and significant hardship in relation to the ordinary incidents of prison life). Moreover, according to Plaintiff, the lost incentive wages were actually restored. Thus, he did not ultimately lose incentive wages – either with or without due process.

Finally, Plaintiff asks for money damages for pain and suffering, mental anguish, mental distress, and physical and emotional distress. Title 42 U.S.C. § 1997e(e) provides, "No federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing

6

of physical injury." Recently, the Fifth Circuit Court of Appeals determined that with respect to the application of the above cited statutory provision, "... it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005). Since he has alleged no physical injury as a result of the alleged constitutional violation, Plaintiff's claim is frivolous.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)©) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date**

of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this _22_ day of _April_, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE